Filed 8/23/23  P. v. Slaughter CA1/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIRST APPELLATE DISTRICT

## DIVISION THREE

|  |  |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>KEVIN SLAUGHTER,<br><br>        Defendant and Appellant. | A166083<br><br>(Alameda County<br>Super. Ct. No. 143014) |

### MEMORANDUM OPINION[1]

In 2003, defendant was sentenced under the "Three Strikes" law to a total of 22 years and four months after being convicted of second degree robbery (Pen. Code, § 211[2]) and being a felon in possession of a firearm (former § 12021, subd. (a)).  The sentence included time for firearm use (§ 12022.53, subd. (b)) and prior conviction allegations that were found true (§ 667, subd. (a)(1)).

Since 2003, California has enacted section 3051, which now provides for "youth offender parole hearing[s]" for certain offenders who were 25 years or

---

[1]     We resolve this case by memorandum opinion pursuant to California Standards of Judicial Administration, section 8.1.

[2]     All further statutory references are to the Penal Code unless otherwise indicated.

younger at the time of their controlling offense. (§ 3051, subd. (a)(1); Stats. 2017, ch. 675, § 1.) That statute requires the parole board to "act in accordance with subdivision (c) of Section 4801." (§ 3051, subd. (d).) Section 4801, subdivision (c), provides: "When a prisoner committed his or her controlling offense . . . when he or she was 25 years of age or younger, the board, in reviewing a prisoner's suitability for parole pursuant to Section 3041.5, shall give great weight to the diminished culpability of youth as compared to adults, the hallmark features of youth, and any subsequent growth and increased maturity of the prisoner in accordance with relevant case law."

In 2022, defendant filed a petition for writ of habeas corpus challenging his sentence and seeking a "*Franklin* hearing"—i.e., a proceeding where youthful offenders can make a record to preserve evidence for an eventual parole hearing. (*People v. Franklin* (2016) 63 Cal.4th 261 (*Franklin*); *People Delgado* (2022) 78 Cal.App.5th 95, 98–99, fn. 1 (*Delgado*).) Defendant averred that he was under the age of 26 at the time of his underlying offenses. Construing the habeas petition as a motion for a *Franklin* proceeding, the trial court denied the request on the ground that defendant was ineligible for such a proceeding under section 3051, subdivision (h), which renders section 3051 inapplicable to defendants sentenced under the Three Strikes law. Petitioner filed a notice of appeal indicating that he intended to appeal the denial of his request for a *Franklin* proceeding.

On appeal, defendant contends that he is entitled to the benefit of a section 3051 youth offender parole hearing, and that subdivision (h) of section 3051 violates equal protection by excluding defendants sentenced under the Three Strikes law from receiving such a hearing. He claims that even though he has received prior parole hearings, he is entitled to a youth

2

offender parole hearing where the parole board must, pursuant to section 4801, subdivision (c), "give great weight to the diminished culpability of youth as compared to adults, the hallmark features of youth, and any subsequent growth and increased maturity of the prisoner in accordance with relevant case law."

The People concede that defendant was under the age of 25 at the time of his controlling offense and entitled to a *Franklin* proceeding pursuant to *Delgado*, *supra*, 78 Cal.App.5th 95. We accept the People's concession and find *Delgado* directly on point. (*Delgado*, at pp. 101–103 [defendant entitled to *Franklin* proceeding under section 4801, subdivision (c), which applies "broadly to all parole hearings, not just [youth offender parole hearings]"].)

As the People argue, because defendant is already eligible for parole, and because subdivision (c) of section 4801 will apply at his eventual parole hearings, defendant's equal protection argument that he is entitled to a youth offender parole hearing under section 3051 is moot. Defendant does not suggest any way in which his eventual parole hearings will be different than one held under section 3051, and instead appears to concede there is no difference.

In sum, defendant "is entitled to a limited remand to make a record of youth-related factors for his future parole hearing under section 3041.5." (*Delgado*, *supra*, 78 Cal.App.5th at p. 104.)

## DISPOSITION

The order of the trial court denying defendant's request for a *Franklin* proceeding is reversed, and the matter is remanded for further proceedings consistent with this opinion.

3

_____
Fujisaki, Acting P.J.

WE CONCUR:


_____
Petrou, J.


_____
Rodríguez, J.

*People v. Slaughter* (A166083)

4